UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRACY FISHER,
    Petitioner,

v.

THERESA LANTZ and
J. WARDEN,
    Respondents.

PRISONER
Case No. 3:09cv2047(JBA)

RULING ON RESPONDENTS' MOTION TO TRANSFER

The petitioner, Tracy Fisher, is currently incarcerated at the Enfield Correctional Institution in Enfield, Connecticut. He has filed a third pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1988 conviction for murder, conspiracy to commit murder and assault in the first degree. The respondents ask the court to transfer this case to the Court of Appeals as a second or successive petition filed without first obtaining leave of the Court of Appeals. For the reasons that follow, the respondents' motion will be granted and the case transferred to the Court of Appeals.

On October 19, 1994, the petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Fisher v. Meachum, 3:94cv2147(JBA) (D. Conn. Feb. 6, 1996). On February 6, 1996, the court approved and adopted the recommended ruling granting the respondent's motion for summary judgment. The court addressed the merits of the petitioner's claims, that he did not

knowingly and intelligently waive his <u>Miranda</u> rights and that the evidence was insufficient to support the guilty verdict. <u>See</u> Resp't's Mem., Doc. #17, App. E.

On June 21, 2000, the petitioner filed a second federal habeas petition, <u>Fisher v. Strange</u>, 3:00cv1182(SRU)(D. Conn. Apr. 30, 2001). When the respondent sought to dismiss the action as a second or successive petition filed without authorization from the Court of Appeals, the petitioner moved to voluntarily withdraw his petition. The court granted the petitioner's motion and dismissed the action without prejudice. The court, however, cautioned the petitioner that he might be precluded from filing a subsequent federal petition without first obtaining leave from the Court of Appeals. <u>See</u> Resp't's Mem. App. K.

Before a petitioner may bring a "second or successive" habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The statute does not define "second or successive." However, courts considering this question have held that for a petition to be "second or successive," the first petition must have been decided "on the merits." <u>Murray v. Greiner</u>, 394 F.3d 78, 80-81 (2d Cir. 2005).

This requirement is jurisdictional. <u>See</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 149, 157 (2007) (per curiam); <u>Torres v. Senkowski</u>, 316 F.3d 147, 151 (2d Cir. 2003) (holding that a district court

2

presented with a second or successive petition under section 2254 without authorization from the Court of Appeals must transfer the petition to the Second Circuit). As a general rule, second or successive petitions will be dismissed. There are, however, exceptions that the Court of Appeals may apply to authorize a second or successive petition to proceed. See 28 U.S.C. § 2244(b)(2).

In opposition to the respondent's motion to transfer, the petitioner states that his first federal habeas action was dismissed for failure to exhaust state remedies and because he did not timely file his response. The petitioner is mistaken. A review of the court's ruling in the first federal habeas action shows that the court considered the petitioner's claims on the merits. The petition was not dismissed on procedural grounds.

The court concludes that this is a second or successive petition filed without obtaining leave from the Court of Appeals. This court, therefore, lacks jurisdiction to entertain the merits of the petitioner's grounds for relief.

The respondent's motion to transfer this case to the Court of Appeal [**Doc. #17**] is **GRANTED**. The Clerk is directed to transfer this case to the Court of Appeals for the Second Circuit to enable that court to determine whether the petitioner should be permitted to file this petition in the district court. The Court concludes that an appeal of this order would not be taken

in good faith.  Thus, a certificate of appealability will not issue.

In addition, the petitioner is instructed not to file any other petitions for writ of habeas corpus directed to his 1988 conviction without first obtaining authorization from the Court of Appeals.

**It is so ordered.**

/s/_____
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut: October 31, 2011.**